UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Theo Smith,

                Plaintiff,

v.

Faure Essozimna Gnassingbe,
President; and Faure Essozimna
Gnassingbe, The Republic of Togo,

                Defendants.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 07-4167 ADM/JJK

_____

Theo Smith, pro se.
_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Plaintiff Theo Smith's ("Smith") Objections [Docket No. 23] to Magistrate Judge Jeffrey J. Keyes's July 22, 2009 Report and Recommendation ("R&R") [Docket No. 22]. The R&R recommends denial of Smith's Motion for Entry of Default [Docket No. 6] and dismissal without prejudice of Smith's Complaint [Docket No. 1] for failure to prosecute. The procedural and factual background described in the R&R are incorporated by reference. For the reasons set forth below, the Objections are overruled and the R&R is adopted.

## II. DISCUSSION

**A.    Standard of Review**

A district court must make an independent, de novo review of those portions of an R&R to which a party objects and "may accept, reject, or modify, in whole or part, the findings or

recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. LR 72.2(b).

B.     **Default Judgment and Service of Process**

Judge Keyes recommends that Smith's default motion be denied for several reasons. A fundamental flaw prohibiting a default judgment is Smith's failure to demonstrate that Defendants Faure Essozimna Gnassingbe, The Republic of Togo ("the Republic of Togo") and Faure Essozimna Gnassingbe, President ("Gnassingbe") (collectively "Defendants") have been properly served. R&R at 8-15. Entry of default judgment under Federal Rule of Civil Procedure 55 is properly denied when the record fails to show that a defendant was properly served. See Zeviar v. Local No. 2747, Airline, Aerospace & Allied Employees, 733 F.2d 556, 558 n.3 (8th Cir. 1984); see also Fisher v. Lynch, 531 F. Supp. 2d 1253, 1269 n.12 (D. Kan. 2008) ("Because a party has no duty to plead until properly served, sufficient service of process is a prerequisite to entry of default.").

   1.     **The Republic of Togo**

Because the Republic of Togo is a foreign state, Federal Rule of Civil Procedure 4(j) requires that service of process on the Republic of Togo be made in accordance with 28 U.S.C. § 1608. "[Section 1608] prescribes four methods for serving legal process on a foreign state, in descending order of preference—meaning that a plaintiff must attempt service by the first method (or determine that it is unavailable) before proceeding to the second method, and so on." Abur v. Republic of Sudan, 437 F. Supp. 2d 166, 172 (D.D.C. 2006). The progression required by § 1608 is as follows:

> (1) delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision; or
>
> (2) if no special arrangement exists, by delivery of a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents; or
>
> (3) if service cannot be made under paragraphs (1) or (2), by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned, or
>
> (4) if service cannot be made within 30 days under paragraph (3), by sending two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services--and the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted.

28 U.S.C. § 1608 (a).

Judge Keyes concluded that Smith's attempts at serving the Republic of Togo failed to comport with § 1608. As to the first method, Judge Keyes determined that Smith's assertion of his special arrangement with the Republic of Togo "is not supported by the record." R&R at 10. Smith objects, arguing that he adequately demonstrated that he had made a special arrangement for service in November 2004 with an individual named "Pascal A. Bodjona," the Togolese Ambassador to the United States at the time, but that Judge Keyes "view[ed] service of process from the stand point of the Western world, discounting the vast portion of the world's social,

political, and customary laws. For example, a handshake constitutes a valid agreement." Objections at 4.

The Court finds no error in Judge Keyes's determination. Although Smith avers that he had a special arrangement with an individual who had the authority to act on behalf of the Republic of Togo, a review of the record confirms Judge Keyes's determination that Smith has failed to produce any actual evidence to support his bare assertions. Smith states in his Objections that "[a]t no point in time and in no pleadings in this action did [he] make the claim that [the Republic of] Togo is a signatory to any international convention of service of process," thus confirming that the second method, described in § 1608(a)(2), is inapplicable.

With regard to the third and fourth methods, Judge Keyes determined that Smith failed to show that any efforts had been made to serve the Republic of Togo by sending to the Clerk of the Court a copy of the Summons and Complaint, along with a notice of suit, translated into Togo's official language and to be addressed and dispatched by the Clerk of the Court to either the head of the Togolese ministry of foreign affairs or the United States Secretary of State. R&R at 11-12 (citing 28 U.S.C. § 1608(a)(3), (4)). In late 2007, Smith sent to the Clerk of the Court a copy of the Summons, translated into French (the official language of Togo), along with an affidavit requesting that the Clerk of the Court mail a copy of the translated Summons to the Ministry of Foreign Affairs for the Republic of Togo as required by § 1608(a)(3). See [Docket No. 2]; Objections, Exs. S202, S200. But § 1608(a)(3) and (4) require a translated copy of the summons, as well as a translated copy of the complaint and a translated copy of a notice of suit.

Smith's submissions to the Clerk of the Court in late 2007 did not include a translated copy of either of these documents and, for that reason, failed to comport with § 1608(a)(3) and (4).[1]

### 2. Gnassingbe

To the extent that Smith asserts claims against Gnassingbe in his official capacity, the preceding analysis of service on the Republic of Togo applies to such official capacity claims. To the extent that the Complaint could be viewed as asserting claims against Gnassingbe in his individual capacity, Federal Rule of Civil Procedure 4(f) sets forth the options for accomplishing effective service of process. Smith does not raise any specific objections to Judge Keyes's analysis of service on Gnassingbe under Rule 4(f), and, therefore, the Court need not review that portion of the R&R.

## C. Dismissal for Failure to Prosecute

Judge Keyes determined that dismissal without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) was appropriate on the grounds that "[Smith] has failed to provide good cause for his failure to serve Defendants" and "[his] efforts at service do not show that he diligently pursued this matter." R&R at 16-17. Smith raises two objections to Judge Keyes's determination. First, he contends that "[t]he court docket shows that once the Summons and Complaint were reissued there were no delays" and, as such, "this legal action in no way impacted the administrative workload to this Court." Objections at 11. Second, he maintains that "[s]ince the filing of the Complaint, an attempted military coup took place in

---

[1] The record also includes what appears to be a sales receipt showing that Smith paid $22.24 to send an international parcel to Togo from a postal station in Denver, Colorado, as well as several documents purporting to show that Smith attempted service of something on the Republic of Togo through the Minnesota Secretary of State. See [Docket No. 5]. Regardless of whether or not the exhibits are what Smith claims they are, they do not show compliance with any of the accepted methods of service described in § 1608(a).

Togo with much fighting and death" and, "[i]n light of this situation, this lawsuit has little to no importance to the government of Togo." Id.

The fact that Smith, after more than fourteen months had passed since the Complaint was filed, sought to have the Summons reissued and thereafter took a more active role in attempting to prosecute this matter does not alleviate the deficiencies in his attempts to accomplish timely, effective service of process on Defendants. The political developments in Togo are simply irrelevant to the issue of whether Smith has been diligent in his prosecution of the matter. Judge Keyes did not err in determining that this case should be dismissed without prejudice for failure to prosecute.

## III. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Judge Keyes's R&R [Docket No. 22] is **ADOPTED**;

2. Smith's Objections [Docket No. 23] are **OVERRULED**; and

3. The Complaint [Docket No. 1] is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: October 13, 2009.